TOLEDO PLATE & WINDOW GLASS CO. *v.* JOHN HENRY & SCHRAM STORAGE & TRÜCKING CO.

CARRIERS—SPECIAL AGREEMENT—NEGLIGENCE.

Where, in action against trucking company as common carrier for value of glass broken when it fell off the dray, there was testimony that defendant furnished dray, team, and driver at stated price per hour, and plaintiff loaded and unloaded the glass, issues of special agreement and of plaintiff's negligence in loading were properly submitted to jury.

Error to Wayne; Martin (William H.), J., presiding. Submitted April 8, 1930. (Docket No. 7, Calendar No. 34,228.) Decided June 2, 1930.

Case by Toledo Plate & Window Glass Company, a foreign corporation, against John Henry & Schram Storage & Trucking Company, a Michigan corporation, for injury to glass in defendant's care as common carrier. From judgment for defendant, plaintiff brings error. Affirmed.

*Clark, Klein, Ferris, Cook & Williams,* for plaintiff.

*Ray B. Johnston,* for defendant.

Fead, J. For about 20 years, defendant and its predecessors carted plate glass for plaintiff from freight depot to warehouse. Defendant furnished dray, team, and driver at a stated price per hour. Plaintiff loaded and unloaded the glass. In 1921, some glass fell off the dray, was broken, and plaintiff brought this suit for its value on the claim that defendant was a common carrier, and, therefore, an insurer, and also that it had been guilty of negligence. Defendant contended it was a private carrier, had made a special agreement with plaintiff, when they began their relations 20 years before, by which plaintiff hired the dray by the hour and assumed the risks of transportation, and that the arrangement had continued through the years with no change except in the rate of pay. The court held defendant was a common carrier, submitted to the jury the issues of the special agreement, of defendant's negligence in the equipment furnished and the driving of the truck, and of plaintiff's negligence in loading. The issues were all sustained by evidence which made them proper jury questions. The claim of special agreement and its reasonableness were supported, not only by direct sworn testi-

mony, but also by the character of the hiring, the kind of goods, and the control of loading.

Defendant had verdict of the jury. It was not against the great weight of the evidence. We discover no reversible error in the record, and the judgment is affirmed, with costs.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, POTTER, SHARPE, and NORTH, JJ., concurred.